# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:22-cv-221-FDW
# 3:20-cr-185-FDW-DCK-1

| | |
|---|---|
| ANTOINE SPEARMAN, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>) **ORDER**<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* "Motion for Reduction in Sentence" that was docketed in this civil case as a 28 U.S.C. § 2255 Motion to Vacate, (Doc. No. 1).

In the underlying criminal case, this Court accepted a Transfer of Jurisdiction from the United States District Court for the District of Maryland on a Supervised Release Violation Petition. (3:20-cr-185-FDW-DCK ("CR") Doc. Nos. 1-2). Petitioner admitted that he committed a new law violation, and the Court sentenced him to 51 months' imprisonment with no further term of supervised release. See (Doc. No. 10). The Judgment was entered on October 8, 2020. (Id.). Petitioner did not appeal.

The instant "Motion for Reduction in Sentence" was docketed in the criminal case on March 8, 2021.[1] (CR Doc. No. 12). It was opened in the instant § 2255 action on May 18, 2022. (Doc. No. 1). Petitioner argues that a downward variance is warranted pursuant to U.S. Sentencing Guidelines § 5G1.3(e) and 18 U.S.C. § 3553(a) because the facility where he is being housed is

---

[1] The date that is handwritten on the Motion is illegible. (CR Doc. No. 12 at 4).

1

"grossly overcrowded," is placing him at a much greater risk of contracting COVID-19, and that the basis for Petitioner's supervised release violation was a state court conviction for which he served a sentence. (Doc. No. 1 at 2). The Motion is not signed. (Id. at 4).

The Court is unable to determine whether the Petitioner is attempting to seek a sentence reduction pursuant to 18 U.S.C. § 3582, or is seeking to vacate his conviction or sentence pursuant to § 2255. If Petitioner is attempting to file a motion to vacate pursuant to § 2255, the "[C]ourt cannot … recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." United States v. Castro, 540 U.S. 375, 383 (2003); see United States v. Blackstock, 513 F.3d 128, 134-35 (4th Cir. 2008). Before making that decision, Petitioner should consider that recharacterization will subject subsequent § 2255 motions to vacate to the law's "second or successive" restrictions, so that she may not bring a second or successive motion under § 2255 without first obtaining authorization by a panel of the appropriate court of appeals. See 28 U.S.C. § 2255(h). Authorization to file second or successive motions to vacate is rarely granted.

Petitioner shall have **thirty (30) days** from this Order in which to inform the Court whether he agrees to recharacterize his Motion as a § 2255 Motion to Vacate, or whether he is attempting to proceed pursuant to § 3582. If Petitioner fails to timely inform the Court whether he agrees to recharacterization, the instant Motion will be construed as a § 2255 Motion to Vacate.

Further, the present Motion is insufficient to proceed under either § 3582 or § 2255 because it is unsigned. See Fed. R. Civ. P. 11(a) ("Every pleading … must be signed … by a party personal if the party is unrepresented"); Rule 2(c), 28 U.S.C. foll. § 2255 (requiring a § 2255 motion to

2

"substantially follow" the required form); Rule 2(b), 28 U.S.C. foll. § 2255 (the motion must specify all the grounds for relief available to the moving party, state the facts supporting each ground, and be verified, etc.); 28 U.S.C. § 1746 (requiring verification as follows: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (signature)"). Petitioner shall thus have **thirty (30) days** in which to file a superseding Amended Motion in accordance with this Order and all applicable timeliness and procedural requirements.[2] See generally Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001); 28 U.S.C. § 2255; Mayle v. Felix, 545 U.S. 644 (2005) (discussing relation back). Failure to comply with this Order will result in dismissal of this action without further notice.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner shall, within **thirty (30) days** of the date of this Order, inform the Court as to whether he would like for the Court to construe the "Motion for Reduction in Sentence" as a § 2255 Motion to Vacate, or as a § 3582 Motion for Sentence Reduction. If Petitioner takes no action within **thirty (30) days** of this Order, the instant Motion will be construed as a § 2255 Motion to Vacate.

2. Petitioner shall, within **thirty (30)** days of this Order, file a superseding Amended Motion pursuant to § 2255 or § 3582 in accordance with this Order and within the time limit set by the Court. If Petitioner fails to do so, this action will be dismissed without further notice.

3. The Clerk is instructed to mail Petitioner blank § 2255 (AO 243) and § 3582 (AO 250) forms along with a copy of this Order.

---

[2] The Court will instruct the Clerk to provide Petitioner with § 3582 and § 2255 forms so that he may file a sufficient Amended Motion on the correct form.

Signed: May 20, 2022

Frank D. Whitney
United States District Judge